UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRENDA TISDALE,

     Plaintiff,

v.                            Case No:     8:15-cv-848-T-DNF

COMMISSIONER OF SOCIAL
SECURITY,

     Defendant.

_____

## OPINION AND ORDER

     Plaintiff, Brenda Tisdale, seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI"). The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number) and the parties filed legal memoranda in support of their positions. For the reasons set out herein, the decision of the Commissioner is **AFFIRMED** pursuant to 42 U.S.C. § 405(g).

**I.   Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision**

**A.  Social Security Act Eligibility**

     The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382a(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The impairment must be severe, making the claimant unable to do her previous work, or any other

substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382(a)(3); 20 C.F.R. §§ 404.1505-404.1511, 416.905-416.911.

### B. Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405 (g).  "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate support to a conclusion.  Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence."  *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990).  In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision.  *Martin v. Sullivan*, 894 F.2d 1329, 1330 (11th Cir. 2002); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995).  However, the District Court will reverse the Commissioner's decision on plenary review if the decision applied incorrect law, or if the decision fails to provide sufficient reasoning to determine that the Commissioner properly applied the law.  *Keeton v. Dep't. of Health & Human Servs*., 21 F.3d 1064, 1066 (11th Cir. 1994).  The Court reviews de novo the conclusions of law made by the Commissioner of Social Security in a disability benefits case.  42 U.S.C. § 405(g).

The ALJ must follow five steps in evaluating a claim of disability.  20 C.F.R. §§ 404.1520, 416.920.  At step one, the claimant must prove that she is not undertaking substantial gainful employment.  *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001); *see* 20 C.F.R. § 404.1520(a)(4)(i).  If a claimant is engaging in any substantial gainful activity, she will be found not disabled.  20 C.F.R. § 404.1520(a)(4)(i).

At step two, the claimant must prove that she is suffering from a severe impairment or combination of impairments. *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(ii). If the claimant's impairment or combination of impairments does not significantly limit her physical or mental ability to do basic work activities, the ALJ will find that the impairment is not severe, and the claimant will be found not disabled. 20 C.F.R. § 1520(c).

At step three, the claimant must prove that her impairment meets or equals one of impairments listed in 20 C.F.R. Pt. 404, Subpt. P. App. 1. *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(iii). If she meets this burden, she will be considered disabled without consideration of age, education and work experience. *Doughty*, 245 F.3d at 1278.

At step four, if the claimant cannot prove that her impairment meets or equals one of the impairments listed in Appendix 1, she must prove that her impairment prevents her from performing her past relevant work. *Id.* At this step, the ALJ will consider the claimant's RFC and compare it with the physical and mental demands of her past relevant work. 20 C.F.R. §§ 1520(a)(4)(iv), 1520(f). If the claimant can still perform her past relevant work, then she will not be found disabled. *Id.*

At step five, the burden shifts to the Commissioner to prove that the claimant is capable of performing other work available in the national economy, considering the claimant's RFC, age, education, and past work experience. *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(v). If the claimant is capable of performing other work, she will be found not disabled. *Id.* In determining whether the Commissioner has met this burden, the ALJ must develop a full and fair record regarding the vocational opportunities available to the claimant. *Allen v. Sullivan*, 880 F.2d 1200, 1201 (11th Cir. 1989). There are two ways in which the ALJ may make this determination. The first is by applying the Medical Vocational Guidelines ("the Grids"), and the second is by the

use of a vocational expert ("VE").  *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004).

Only after the Commissioner meets this burden does the burden shift back to the claimant to show

that she is not capable of performing the "other work" as set forth by the Commissioner.  *Doughty v. Apfel*, 245 F.3d at 1278 n.2.

### C.  Procedural History

Plaintiff filed an application for a period of disability and DIB on December 15, 2010, and

an application for SSI on December 28, 2010.  (Tr. 166-72, 173-79).  Plaintiff's applications were

denied initially on March 2, 2011, and upon reconsideration on June 2, 2011.  (Tr. 68-70, 72-74,

83-84, 85-86).  Plaintiff requested a hearing and, on November 13, 2012, a hearing was held before

Administrative Law Judge Arline Colon (the "ALJ").  (Tr. 31-62).  On January 31, 2013, the ALJ

entered an unfavorable decision.  (Tr. 15-30).  Plaintiff requested review of the ALJ's decision and

the Appeals Council denied review on July 24, 2014.  (Tr. 3-8).  Plaintiff initiated the instant action

by Complaint (Doc. 1) filed on April 8, 2015.

### D.  Summary of the ALJ's Decision

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in

substantial gainful activity since August 26, 2009, the alleged onset date.  (Tr. 17).  At step two,

the ALJ found that Plaintiff has the following severe impairments:  morbid obesity; diabetes;

hyperlipidemia; multinodular goiter; asthma/COPD; sleep apnea; and gastroesophageal reflux

disease ("GERD").  (Tr. 18).  At step three, the ALJ determined that Plaintiff did not have an

impairment or combination of impairments that meets or medically equals the severity of any of

the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.  (Tr. 25).

Before proceeding to step four, the ALJ determined that Plaintiff had the residual

functional capacity ("RFC") to

perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that she can stand/walk for only two to four hours during an eight-hour workday; she can never climb ladders, ropes or scaffolds; she can occasionally climb ramps and stairs; she can occasionally kneel, crouch and crawl; she can frequently balance and stoop; she should avoid concentrated exposure to extreme cold and extreme heat, wetness, humidity, noise, dust, fumes, odors, gases, poor ventilation, vibration, moving mechanical parts and open heights.

(Tr. 20). At step four, the ALJ found that Plaintiff is able to perform her past relevant work as a

telemarketer and order clerk. (Tr. 23). The ALJ concluded that Plaintiff was not under a disability

from August 26, 2009, though the date of the ALJ's decision, January 31, 2013. (Tr. 24).

## II.    Analysis

Plaintiff raises three issues on appeal: (1) whether the ALJ erred by failing to properly

evaluate Plaintiff's subjective complaints of pain and other non-exertional symptoms; (2) whether

the ALJ erred by failing to consider all of the physical and mental requirements of Plaintiff's past

relevant work; and (3) whether the ALJ erred by relying on testimony of a VE whose testimony

was elicited in response to a deficient hypothetical question. The Court will address each issue in

turn.

### (a) Whether the ALJ erred by failing to properly evaluate Plaintiff's subjective complaints of pain and other non-exertional symptoms.

Plaintiff argues that while the ALJ stated she factored Plaintiff's sleep apnea into her RFC

finding, there is nothing in the RFC finding which takes into account Plaintiff's complaints of

daytime somnolence and fatigue. (Doc. 24 p. 6). Further, Plaintiff contends that the ALJ's RFC

finding does not provide any limitations in concentration due to Plaintiff's pain, depression, or

daytime somnolence, except perhaps the limitation to avoid concentrated exposure to mechanical

parts and open heights. (Doc. 24 p. 6-7). Finally, Plaintiff argues that the ALJ's decision was

tainted by her references to Plaintiff ignoring her medical providers' orders to exercise and lose

weight, a violation of Social Security Ruling 02-1p. (Doc. 24 p. 7). In response, Defendant argues that the ALJ properly determined that Plaintiff's subjective allegations were not credible to the extent alleged and her determination is supported by substantial evidence. (Doc. 25 p. 8).

To establish disability based on testimony of pain and other symptoms, a plaintiff must satisfy two prongs of the following three-part test: "(1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain." *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002) (citing *Holt v. Sullivan*, 921 F.3d 1221, 1223 (11th Cir. 1991)). After an ALJ has considered a plaintiff's complaints of pain, the ALJ may reject them as not credible, and that determination will be reviewed to determine if it is based on substantial evidence. *Moreno v. Astrue*, 366 Fed. App'x 23, 28 (11th Cir. 2010) (citing *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992).

If an ALJ discredits the subjective testimony of a plaintiff, then he must "articulate explicit and adequate reasons for doing so. [citations omitted] Failure to articulate the reasons for discrediting subjective testimony requires, as a matter of law, that the testimony be accepted as true." *Wilson*, 284 F.3d at 1225. "A clearly articulated credibility finding with substantial supporting evidence in the record will not be disturbed by a reviewing court." *Foote v. Chater*, 67 F.3d 1553, 1562 (11th Cir. 1995)). The factors an ALJ must consider in evaluating a plaintiff's subjective symptoms are: "(1) the claimant's daily activities; (2) the nature and intensity of pain and other symptoms; (3) precipitating and aggravating factors; (4) effects of medications; (5) treatment or measures taken by the claimant for relief of symptoms; and other factors concerning functional limitations." *Moreno v. Astrue*, 366 Fed. App'x. at 28 (citing 20 C.F.R. § 404.1529(c)(3)).

Here, the Court finds that Plaintiff has failed to show that the ALJ erred in finding Plaintiff's statements concerning the intensity, persistence and limiting effects of her were not entirely credible.  In her decision, the ALJ explained her credibility finding at length.  The ALJ noted that the evidence suggests that Plaintiff present failure to work is for reasons other than her alleged impairments, given Plaintiff's weak earnings record and the fact that she cares for her mentally disabled daughter.  (Tr. 21).  In relation to Plaintiff's breathing problems, the ALJ noted that according to Plaintiff's testimony, she smoked about two packs of cigarettes a day during much of the time under review and has continued to keep smoking despite being repeatedly told by her medical providers to stop smoking.  (Tr. 21).  The ALJ nevertheless found that Plaintiff's breathing problems were severe and accommodated these limitations in her RFC finding.  (Tr. 21).

Further, the ALJ noted that Plaintiff has ignored her medical provider's orders to exercise and lose weight.   (Tr. 21-22).   The ALJ noted that although Plaintiff was obese, her musculoskeletal examinations revealed no significant abnormalities; her motor strength, sensation, and reflexes were grossly intact; she had no neurological deficits; that Plaintiff's cardiovascular examination showed no murmurs, gallops, or rubs; and that Plaintiff's lungs had wheezes and rhonci, but no rales.  (Tr. 22).  Likewise, the ALJ found that Plaintiff's complaint regarding sleep apnea were belied by her failure to use her CPAP machine, her failure to stop eating so much fast food, and her failure to exercise and lose weight.  (Tr. 22).  Based on this evidence, the ALJ found that the limitations the ALJ assessed in his RFC adequately addressed Plaintiff's obesity and sleep apnea.

The Court rejects Plaintiff's argument that the ALJ's analysis is "tainted" by his reference that Plaintiff ignored her medical provider's recommendations to lose weight and exercise.  In her memorandum of law, Plaintiff cites to Social Security Ruling 02-1p's provision that "if an

individual who is disabled because of obesity does not have a treating source who has prescribed treatment for obesity, there is no issue of failure to follow prescribed treatment.  The treatment must be prescribed by a treating source, not simply recommended.  A treating sources statement that an individual should lose weight or has been advised to get more exercise is not prescribed treatment."  (Doc. 24 p. 7) (citing SSR 02-1p).  This directive does not control the facts of this case as it does not stand for the proposition that an ALJ may not consider Plaintiff's failure to exercise and attempt to lose weight in considering a claimant's credibility.  Instead, the language cited by Plaintiff relates to the situation where a claimant's obesity causes disability, and the issue is whether benefits should be denied because a claimant has failed to follow a prescribed treatment that, if followed, would restore the claimant's ability to work.  Here, as noted above, the ALJ discussed the fact that Plaintiff's obesity did not cause her to be disabled and that limitations caused by her obesity were adequately addressed in the ALJ's RFC finding.  Accordingly, there was no error in the ALJ's consideration of the fact Plaintiff ignored her medical provider's orders to exercise and lose weight.

Finally, the ALJ stated her credibility finding was based on the fact that there are no medical opinions in the record finding that Plaintiff is unable to work or is severely limited in her ability to work. (Tr. 22).  While Plaintiff did not explicitly discuss Plaintiff's complaints of pain, fatigue, daytime somnolence, and decreased concentration, the Court notes that "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision, so long as the ALJ's decision . . . is not a broad rejection which is 'not enough to enable [the district court or this Court] to conclude that [the ALJ] considered her medical condition as a whole.'"  *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005).  Here, the ALJ's credibility finding was

articulated at length and was supported by substantial evidence. Accordingly, the Court will not disturb the ALJ's finding on appeal.

> **(b) Whether the ALJ erred by failing to consider all of the physical and mental requirements of Plaintiff's past relevant work and whether the ALJ erred by relying on testimony of a VE whose testimony was elicited in response to a deficient hypothetical question.**

Plaintiff's remaining issues are interrelated and the Court addresses them together. Plaintiff contends the ALJ erred by failing to discuss the mental demands of Plaintiff's past relevant work as a telemarketer and to discuss whether Plaintiff could perform this work despite her limitations in mental functioning. (Doc. 24 p. 9-10). Further, Plaintiff contends that the hypothetical questions the ALJ posed to the VE did not include all of Plaintiff's limitations, and the ALJ's reliance on the VE's testimony was reversible error. (Doc. 24 9. 11-12). In response, Defendant contends that Plaintiff failed to carry her burden of showing she could not perform her past relevant work and that the ALJ properly determined that Plaintiff was not disabled at step four of the sequential evaluation process. (Doc. 25 p. 8-9).

The burden is on the claimant to show that she can no longer perform her past relevant work as she actually performed it, or as it is performed in the general economy. *Jackson v. Bowen*, 801 F.2d 1291, 1293-94 (11th Cir. 1986). Although it is Plaintiff's burden to carry, the Secretary has an obligation to develop a full and fair record. *Schnorr v. Bowen*, 816 F.2d 578, 581 (11th Cir. 1987). Where there is no evidence of the physical requirements and demands of the claimant's past work and no detailed description of the required duties, the Secretary cannot properly determine whether the claimant has the RFC to perform her past relevant work. *Id.* In determining whether a claimant can return to her past relevant work, the Commissioner may rely upon the testimony of a vocational expert. *See* 20 C.F.R. § 404.1560(b)(2) ("We may use the services of

vocational experts . . . to obtain evidence we need to help us determine whether you can do your past relevant work.").

At the administrative hearing the ALJ asked the VE if someone with Plaintiff's RFC could perform her past relevant work as a telemarketer and order clerk and the VE testified that they could. (Tr. 56-58). The VE testified that her testimony was not inconsistent with the Dictionary of Occupational Titles and was based on her professional experience. (Tr. 58). In her decision, the ALJ specified that she relied on the VE's testimony to determine that Plaintiff could perform her past relevant work as a telemarketer and order clerk. (Tr. 23).

Here, the Court finds no reason to remand this case to the ALJ to discuss the mental demands of Plaintiff's past relevant work as a telemarketer and to discuss whether Plaintiff could perform this work. The hypothetical question posed to the VE included all of the limitations opined by the ALJ in his RFC finding. Accordingly, it was proper for the ALJ to rely upon the testimony that an individual with Plaintiff's RFC could work as a telemarketer. Plaintiff has made no showing that the ALJ erred by relying on the VE's testimony.

While Plaintiff frames the issues as dealing with the VE's testimony, in essence, Plaintiff is arguing that the ALJ's RFC finding should have contained greater limitations. Plaintiff speculates that "[i]f an individual is tearful, has shortness of breath, is in pain, tired, and depressed, these factors could clearly impair one's ability to deal with people in the manner required of a telemarketer;" and that "[h]ad the Administrative Law Judge included any limitations in the claimant's ability to concentrate and/or interact with people, there is a reasonable probability the vocational expert would have determined that the Plaintiff could not perform her past relevant work. (Doc. 24 p. 10, 12). Again, however, Plaintiff has failed to make any showing that the ALJ's RFC finding was insufficient. In fact, Plaintiff does not cite to a single piece of evidence in the

medical record to support her claims that she is limited to a greater extent than found by the ALJ in her RFC finding.  Apparently, Plaintiff is contending that because the ALJ found that Plaintiff had mild limitations in social functioning and concentration at step two when considering the "paragraph B" criteria, the ALJ was required to include these limitations in her RFC finding.  As the ALJ explained in her decision, the limitations identified in the "paragraph B" criteria are not a residual functional capacity assessment but are used to rate the severity of mental impairments at steps 2 and 3 of the sequential evaluation process."  (Tr. 19).  In any event, after considering the "paragraph B" criteria, the ALJ found that Plaintiff's mental impairments were not severe, a finding Plaintiff does not challenge on appeal.  Plaintiff has failed to show that the ALJ's decision was not supported by substantial evidence and the Court will affirm the Commissioner's decision.

### III.    Conclusion

The decision of the Commissioner is **AFFIRMED**.  The Clerk of the Court is directed to enter judgment consistent with this opinion and, thereafter, to close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on September 19, 2016.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties